## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATALIE SAYLES, | * |
| | * |
|       Plaintiff, | *    CONSOLIDATED CASES |
| | * |
|       v. | *    LEAD - Case No.: 8:17-cv-01314-PX |
| | * |
| MACY'S RETAIL HOLDINGS, INC., | * |
| *et al.*, | * |
| | * |
|       Defendants. | * |

*********************************

| | |
|---|---|
| NATALIE N. SAYLES, | * |
| | * |
|       Plaintiff, | * |
| | * |
|       v. | *    Case No.: 8:17-cv-01315-PX |
| | * |
| LEVI STRAUSS & CO., *et al.*, | * |
| | * |
|       Defendants. | * |

## LCvR 103.5 CERTIFICATION

Pursuant to LCvR 103.5, I hereby certify that all process, pleadings, documents, and orders currently on file in the state court from which this matter was removed have been filed in this Court, and are attached hereto as Exhibit A (collectively).

Respectfully submitted,

JORDAN COYNE LLP

By: _____

Padraic K. Keane
10509 Judicial Dr., Suite 200
Fairfax, VA  22030-5118
Phone:  (703) 246-0900
Fax:  (703) 591-3673
E-mail:  p.keane@jocs-law.com

*Counsel for Defendant, Macy's Retail
Holdings, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Certification was electronically

filed and served through ECF this 8th day of June, 2017 to:

Kim Parker, Esquire
LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, MD  21218
*Counsel for Plaintiff*

Mark T. Foley, Esquire
SASSCER CLAGGET & BUCHER
5407 Water Street; Suite 101
Upper Marlboro, MD  20772
*Counsel for Levi Strauss & Co.*

_____
Padraic K. Keane

# EXHIBIT A



## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

| | |
|---|---|
| **NATALIE N. SAYLES** | * |
| 6200 93rd Place | |
| Lanham, Maryland 20706 | * |
| | |
|     PLAINTIFF | * |
| | |
| v. | * |
| | |
| **MACY'S RETAIL HOLDINGS, INC.** | * |
| 7 West Seventh Street | |
| Cincinnati, Ohio 45202 | *   Civil Case No.: _____ |
| Serve: CSC- Lawyers Incorporating Service | |
| 7 St Paul Street, Suite 820 | * |
| Baltimore, Maryland 21202 | |
| | * |
| And | |
| | * |
| **LEVI STRAUSS & CO.** | |
| 1155 Battery Street | * |
| San Francisco, California 94111 | |
| | * |
| Serve: CSC Lawyers Incorporating Service | |
| 7 St Paul Street, Suite 820 | * |
| Baltimore, Maryland 21202 | |
| | * |
| | |
| | * |
|     DEFENDANTS' | |

*   *   *   *   *   *   *   *   *   *   *   *

### COMPLAINT PRAYER FOR JURY TRIAL

Natalie N. Sayles (hereinafter "Plaintiff") by her attorneys, KIM PARKER, ESQUIRE

and THE LAW OFFICES OF KIM PARKER, P.A., and sues Macy's Retail Holdings, Inc., and

Levi Strauss & Co., ("Defendants' ") for reasons state:

### PARTIES

1.    Plaintiff Natalie N. Sayles is a resident of Prince Georges County, Maryland.

1

2.     Macy's, Inc. and subsidiaries, including Macy's Retail Holdings, Inc., ("Defendant" or "Macy's"), is an omnichannel retail organization operating stores, websites and mobile applications under three brands (Macy's, Bloomingdale's and Bluemercury) that sell a wide range of merchandise, including apparel and accessories (men's, women's and children's), cosmetics, home furnishings and other consumer goods. The Company's operations include approximately 880 Macy's, Macy's Backstage, Bloomingdale's, Bloomingdales Outlet and Bluemercury stores in 45 states, the District of Columbia, Guam and Puerto Rico, as well as macys.com, bloomingdales.com and bluemercury.com.  At all times relevant herein, Defendant was the owner of Macy's located at 4101 Branch Avenue, Temple Hills, Maryland 20748 (hereinafter referred as "The Premises").

3.     Levi Strauss & Co. ("Defendant" or  "Levi") is one of the world's largest brand-name apparel companies. The Company designs, markets and sells – directly or through third parties and licensees – products that include jeans, casual and dress pants, tops, shorts, skirts, jackets, footwear and related accessories for men, women and children around the world under the Levi's, Dockers® , Signature by Levi Strauss & Co.™ and Denizen ® brands. The Company operates its business through three geographic regions: Americas, Europe and Asia. At all times relevant herein, upon information and belief, through various licensing agreements, the display which is the subject of this accident, was owned and maintained, in conjunction with Defendant Macys, thus making Defendant Levi also responsible for Plaintiff's injuries.

### COUNT ONE- NEGLIGENCE
### (ALL DEFENDANTS' )

4.     At all times relevant herein, Plaintiff was a customer/business invitee on the premises of Defendants' Marlow Heights Location (Store#205), which was located at 4101 Branch Avenue, Temple Hills, Maryland 20748.

5.      At all times relevant hereto, Plaintiff conducted herself in a safe, careful and vigilant manner and exercised due care for her own safety and was not in any way contributory negligent.

6.      On September 29, 2013, Plaintiff accompanied by her minor daughter, were shopping on the premises of the Defendants'.

7.      Plaintiff headed to the Men's Department (the "Department"), to purchase a pair of jeans off of the Levis display table. Without notice, and without Plaintiff touching it, the acrylic display sign (about 30 pounds), fell off the display table onto the Plaintiff's foot, causing immediate swelling and bleeding.

8.      Defendants' employees assisted Plaintiff, called an unknown Manager and directed him to pick up and remove the sign.

9.      A Prince George's County Ambulance ("EMT"), arrive shortly thereafter and transported the Plaintiff to the District of Columbia Veterans Hospital (the "VA").

10.     As a result of the negligent way the display was positioned, Plaintiff was caused to suffer serious injuries to her body. Plaintiff was not contributory negligent.

11.     Defendants' had a duty to maintain the premises, including the displays in a reasonably safe condition and to see that these areas were free from items that could present a hazard to the business invitee.

12.     Defendants' was responsible for insuring that its property was safe for all customers entering upon its premises.

13.     Plaintiff had no way of knowing that the display sign was unstable and ready to fall, neither was she warned of the possibility.

14.    Defendants' breached this duty of care by failing to maintain its tables and displays to prevent injury to consumers. Defendants' had a further duty to areas open to its business invitees, to discover the presence of any condition that would present a hazard, to block off the area of said hazards, post notices of said hazards, and to remove said hazards from the premises.

15    That at the time and place aforesaid, the Defendants', so recklessly or negligently maintained, operated or controlled said premises as to cause the Plaintiff, to be injured thereon at a time when the Defendants' caused the premises to be unsafe, and knew, or by the exercise of ordinary care, should have known, that the said area was not in a reasonably safe condition commensurate with the circumstances of its use by patrons, or in the alternative;

a. Employed incompetent, inexperienced, unskilled or careless employees and/or failed to exercise proper supervision of said employees in maintaining the said area in a proper, safe condition, thereby causing serious injuries to the Plaintiff, as herein alleged, or in the alternative;

b. That at the time and place aforesaid, the Defendants' knew or should have known of the existence of the display hazard for a period of time sufficient to put the Defendants' on notice, and the Defendants' failed under its duty to warn business invitees of said dangerous condition, or in the alternative, the Defendants' employees knew of the existence of the "dangerous environment" in the area, and in the exercise of their duty to maintain the said area in a reasonably safe condition for the invitees' use, so carelessly and negligently maintained said area that it was, in fact, a hazard, and it caused the Plaintiff substantially injure herself.

16.    As a result of Defendants' negligence, and that of it's agent, servant and/or employee, Plaintiff has suffered emotional, financial and physical damages. Plaintiff has suffered

4

injuries to her left foot and leg. Plaintiff will continue to suffer the physical damage as she may have suffered a permanent injury.

17.     Defendants' breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable condition; (b) failing to monitor and/or inspect the premises; (c) failing to keep its display tables unobstructed and signs stable; (d) failing to warn Plaintiff, a business invitee, of the defect; and (e) failing to correct the hazardous and dangerous defect.

WHEREFORE, Plaintiff respectfully request judgment in an amount greater than $75,000.00., jointly and severally against all Defendants'.

## COUNT TWO- NEGLIGENCE BASED ON THE
## THEORY OF RES ISPA LOQUITUR
## (ALL DEFENDANTS')

18.     Plaintiff incorporates all preceding and following paragraphs hereto and as though stated at length.

19.     At all times relevant herein, Plaintiff was a customer/business invitee on the premises of Defendants' Marlow Heights Location (Store#205), which was located at 4101 Branch Avenue, Temple Hills, Maryland 20748.

20.     At all times relevant hereto, Plaintiff conducted herself in a safe, careful and vigilant manner and exercised due care for her own safety and was not in any way contributory negligent.

21.     On September 29, 2013, Plaintiff accompanied by her minor daughter, were shopping on the premises of the Defendants'.

22.     Plaintiff headed to the Men's Department (the "Department"), to purchase a pair of jeans off of the Levis display table. Without notice, and without Plaintiff touching it, the

acrylic display sign (about 30 pounds), fell off the display table onto the Plaintiff's foot, causing immediate swelling and bleeding.

23.     Defendants' employees assisted Plaintiff, called an unknown Manager and directed him to pick up and remove the sign.

24.     A Prince George's County Ambulance ("EMT"), arrive shortly thereafter and transported the Plaintiff to the District of Columbia Veterans Hospital (the "VA").

25.     As a result of the negligent way the display was positioned, Plaintiff was caused to suffer serious injuries to her body. Plaintiff was not contributory negligent

26.     Plaintiff injury's was caused by Negligence of the Defendants' and its agents and would not have occurred absence of negligence.

27.     The display sign was in the exclusive control of the Defendants' and its employee's. In fact, the display was owned and operated by the Defendants' on its premises.

28.     Plaintiff was injured without act or omission and was not contributory negligent.

29.     Evidence including videotape, photographic and the display sign were in the exclusive control of the Defendants' and its agents.

30.     As a direct and proximate result of Defendants' negligent, carless and reckless acts and omissions, Plaintiff suffered severe injuries and is entitled to recover compensatory damages.

31.     As a result of Defendants' negligence, and that of its agent, servant and/or employee, Plaintiff has suffered emotional, financial and physical damages. Plaintiff has suffered injuries to her left foot and leg. Plaintiff will continue to suffer the physical damage as she may have suffered a permanent injury.

32.   Defendants' breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable condition; (b) failing to monitor and/or inspect the premises; (c) failing to keep its display tables unobstructed and signs stable; (d) failing to warn Plaintiff, a business invitee, of the defect; and (e) failing to correct the hazardous and dangerous defect.

WHEREFORE, the plaintiff demands judgment against the Defendants' in an amount greater than $75,000.00, severally and jointly.

**KIM PARKER, ESQUIRE**
**BAR NO.: 637296**
LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 410-234-2612
E. kp@kimparkerlaw.com

*Counsel to Plaintiff*

## PRAYER FOR JURY TRIAL

Plaintiff respectfully prays for a jury trial in this matter on all counts herein stated in her Complaint.

Kim Parker, Esq.
Counsel for Plaintiff

7



NATALIE SAYLES

    Plaintiff

v.

MACYS, *et al*

    Defendants' s'

IN THE

CIRCUIT COURT

OF MARYLAND FOR

PRINCE GEORGE'S COUNTY

CASE NO.: _____

## LINE REQUESTING CLERK TO ISSUE SUMMONSES'

    WILL THE CLERK OF THE COURT, please issue summonses as to all Defendants' and

return to the undersigned for service of process by private means.

                Respectfully Submitted,

**KIM PARKER, ESQUIRE**
LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
Office  (410) 234-2621
Facsimile (410) 234-2612
Email: kp@kimparkerlaw.com

8



NATALIE SAYLES

    Plaintiff

v.

MACYS, *et al*

    Defendants' s'

IN THE

CIRCUIT COURT

OF MARYLAND FOR

PRINCE GEORGE'S COUNTY

CASE NO.: _____

## OBJECTION TO ADR

    Natalie Sayles, Plaintiff, by and through undersigned counsel, pursuant to Maryland Rule

17-202(f), hereby objects to any ADR ordered under Rule 17-202(b)(2).

               Respectfully Submitted,

               _____

               **KIM PARKER, ESQUIRE**
               LAW OFFICES OF KIM PARKER, P.A.
               2123 Maryland Avenue
               Baltimore, Maryland 21218
               Office  (410) 234-2621
               Facsimile (410) 234-2612
               Email: kp@kimparkerlaw.com

9

Circuit Court For Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

Writ of Summons                                    Case ID: CAL16-31904

State of Maryland, Prince George's County to wit:

To:  Macy's Retail Holdings, Inc.
     sv: CSC-Lawyers Incorporating Service
     7 St. Paul Street, Suite 820
     Balitmore, MD 21202

You are hereby summoned to file a written response by pleading or motion in this court to the attached complaint filed by:

NATALIE N. SAYLES
6200 93RD PLACE
LANHAM, MD 20706

Within 30 days after service of this summons upon you.

WITNESS: the Honorable Clerk of the Circuit Court for Prince George's County, Maryland,

Date issued: March 13, 2017

_Sydney J. Harrison_ #356
                        Clerk

To the person summoned:
   1.  Personal attendance in court on the day named is not required.
   2.  Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
   3.  Proper Courtroom attire is expected. Anything that you would wear to an office that presents a professional appearance is appropriate. Please no shorts, cut-off jeans, halter, tank or tube tops or other attire that reveals the abdomen or lower back, spandex or mesh garments.

Sheriff's Return

_____

Fee $_____            _____
                                        Sheriff
Note:
   1. This summons is effective for service only if served within 60 days after the date it is issued.
   2. Proof of service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
   3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126. If this summons is served by private process, the process server shall file a separate affidavit as required by Rule 2-126 (a).
   4. Direct your responses and questions to Circuit Court for Prince George's County, Clerk of the Circuit Court, 14735 Main Street, Courthouse D1002, Upper Marlboro, MD 20772-9987. Legal advice cannot be obtained from this office.

Circuit Court For Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

Writ of Summons                                           Case ID: CAL16-31904

State of Maryland, Prince George's County to wit:

To:   Macy's Retail Holdings, Inc.
      sv: CSC-Lawyers Incorporating Service
      7 St. Paul Street, Suite 820
      Balitmore, MD 21202

You are hereby summoned to file a written response by pleading or motion in this court to the attached complaint filed by:

NATALIE N. SAYLES
6200 93RD PLACE
LANHAM, MD 20706

Within 30 days after service of this summons upon you.

WITNESS: the Honorable Clerk of the Circuit Court for Prince George's County, Maryland.

Date issued: March 13, 2017

_Sydney J. Harrison 356_ Clerk.

To the person summoned:
    1.   Personal attendance in court on the day named is not required.
    2.   Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
    3.   Proper Courtroom attire is expected. Anything that you would wear to an office that presents a professional appearance is appropriate. Please no shorts, cut-off jeans, halter, tank or tube tops or other attire that reveals the abdomen or lower back, spandex or mesh garments.

Sheriff's Return

Fee $_____                    _____
                                          Sheriff

Note:
    1.   This summons is effective for service only if served within 60 days after the date it is issued.
    2.   Proof of service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
    3.   Return of served or unserved process shall be made promptly and in accordance with Rule 2-126. If this summons is served by private process, the process server shall file a separate affidavit as required by Rule 2-126 (a).
    4.   Direct your responses and questions to Circuit Court for Prince George's County, Clerk of the Circuit Court, 14735 Main Street, Courthouse D1002, Upper Marlboro, MD 20772-9987. Legal advice cannot be obtained from this office.

IN THE CIRCUIT COURT OF MARYLAND FOR PRINCE GEORGES COUNTY

| | | |
|---|---|---|
| NATALIE SAYLES | * | |
| | * | |
| **Plaintiff** | * | |
| v | * | CASE NO.: CAL16-31904 |
| | * | |
| MACY'S RETAIL HOLDINGS, INC. *ET* | * | |
| *AL* | * | |
| | * | |
| **Defendant.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF FIRST INTERROGATORIES TO DEFENDANT

TO:    **MACY'S RETAIL HOLDINGS, INC,** Defendant
c/oCSC Lawyers Incorporation Service
7 St. Paul Street, Suite 820
Baltimore, Maryland 21202

FROM:  **NATALIE N. SAYLES,** Plaintiff
c/o  Kim Parker, Esquire
LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218

Pursuant to the Maryland Rules of Civil Procedure Rule 2-401, *et al,* Natalie Sayles, ("Plaintiff"), by her undersigned attorneys, propounds these Interrogatories, to which you shall respond separately and fully, in writing and under oath, within the time prescribed by the Maryland Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth hereinafter.

## INSTRUCTIONS

1. These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Maryland Rules of Civil Procedure will be required as to such material.

1

2. These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory.

3. Pursuant to Maryland Rules of Civil Procedure, no part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. Pursuant to Maryland Rules of Civil Procedure, if a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4. Pursuant to Maryland Rules of Civil Procedure where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

A. In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed.

B. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

(1) For oral communications:

a. the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

b. the date and place of the communication; and

c. the general subject matter of the communication.

(2) For documents:

a. the type of document,

b. the general subject matter of the document,

c. the date of the document, and

d. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5. If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6. If, in answering these Interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Maryland Rules of Civil Procedure.

1. Concerning: The term —concerning means relating to, referring to, describing, evidencing, or constituting.

2

2. Communication: The term —communication means the transmittal of information by any means.

3. Document: The terms —document and —documents are defined to be synonymous in meaning and equal in scope to the usage of the term —document in Maryland Rules of Evidence and include(s) the term —writing. Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of the Md. Rules of Civil Procedure, electronic mail is included within the definition of the term —document. The terms —writings,—recordings, and —photographs are defined to be synonymous in meaning and equal in scope to the usage of those terms in Md. Rules of Evidence. A draft or non-identical copy is a separate document within the meaning of the term —document.

4. Identify (with respect to persons): When referring to a person, to —identify means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

5. Identify (with respect to documents): When referring to documents, to —identify means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

6. Occurrence/Transaction: The terms —occurrence and —transaction mean the events described in the Complaint and other pleadings, as the word —pleadings is defined in Md. Rules of Evidence and Md. Rules of Civil Procedure.

7. Parties: The terms —plaintiff and —defendant (including, without limitation, thirdparty plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

8. Person: The term —person is defined as any natural person or any business, legal or governmental entity or association.

9. You/Your: The terms —you or —your include the person(s) to whom these requests are addressed, and all of that person's agents, representatives and attorneys.

10. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. —All means —any and all; —any means —any and all. —Including means —including but not limited to. —And —or encompass both —and and —or. Words in the masculine, feminine or neuter form shall include each of the other genders.

11. The incident refers to the incident described in the Complaint.

12. Premises is defined at the 4101 Branch Avenue, Temple Hills, Maryland 20748.

## INSTRUCTION REGARDING ANY ALLEGED AMBIGUITY

Significant effort has been spent to define a number of terms used in the following discovery requests to avoid ambiguity. If you claim you do not understand the meaning of a term, please refer to the list of definitions or contact the opposing attorney.

1.      Please identify the person or persons responding to these Interrogatories, including each person, their respective positions, phone number and e-mail addresses and the information they provided in connection with these interrogatory answers.

2.      Identify the person, persons or party who was responsible for maintaining the common areas of the premises including:
   a. Name;
   b. Position;
   c. Length of Employment;
   d. If they are still employed;
   e. Their last known address.

3       If you know of the existence of any pictures, photographs, plats, visual recorded images, police reports, diagrams or objects relative to the occurrence, the Plaintiff's physical condition or the scene of the occurrence, identify the substance of such recording and the present custodian of each such item.

4.      Identify any individual you are aware of that has knowledge of the facts and circumstances of this case, including but not limited to eyewitnesses, people claiming to be eyewitnesses and any individuals who arrived at the scene of the September 29, 2013, incident within five (5) hours after the accident.

5.      If you contend that the incident described in Plaintiff's Complaint did not occur on the premises, state with particularity the basis of such contention.

6.      Identify each person interviewed concerning the incident.  For each such person state the date of the interview; the substance of the interview and if the interview was recorded and/or transcribed.

7.      Identify each and every written report made by any person concerning the incident.

8.      Please state in your own words what you believe happened to the Plaintiff while she was on the Premises, and include in your answer the basis upon which you have formed that belief.

9.      Do you know of any statement, conversation, comment, testimony or report made by any party to this lawsuit or witness, including the Plaintiff, made at the time of the occurrence or following the occurrence, concerning the occurrence or facts relevant to any issue in this case? If your answer is "yes," state the content of such statement, conversation, comment or report, the place where it took place and the custodian of such statement.

10.     Do you believe that you did everything that you could to prevent Plaintiff's alleged injuries. Set forth everything that you did to avoid the accident that occurred. Is there anything you wish you had done differently?

4

11.    Identify any previous or subsequent incidents of which you are aware that occurred in substantially the same manner as the incident complained of in this lawsuit, or which also occurred at the Premises, including a description of all premise liability claims made involving this property over the last 5 years.

12.    Identify the name, address, and phone numbers of all vendors, who were involved with the display described in paragraph seven of Plaintiff's Complaint, on the date of the incident, September 29, 2013.

13.    Identify the name, address, and phone numbers of all employees, who were involved in maintaining the display described in paragraph seven of Plaintiff's Complaint, on the date of the incident, September 29, 2013.

14    Do you contend that Plaintiff was contributory negligent? If so, state the complete basis to support this contention.

15.    Please describe what training procedures, if any, are followed in the course of training Defendant's employees with regard to the safety of invitees on your Premises, this includes any and all written material, slides, photographs, films, document retention policies, videotapes, etc. which Defendant utilizes in training employees in 2012 through 2014.

16.    Do you have a written practice and procedure manual or similar document describing steps your employees should take in the event of an accident within a store that was in effect on September 29, 2013, if so, describe with particularity such practice and procedure.

17.    Identify all witnesses you intend to call at trial of this matter, including, their first and last name, email address, phone numbers, addresses and the substance of their testimony.

18.    Please state fully and completely the basis of each defense or denial, if any, which you allege in your Answer to Plaintiff's Complaint.

19.    Please state fully and completely the basis of each defense or denial, if any, to each of your responses to Plaintiff's Request for Admissions.

20.    Please give the name, address and telephone numbers of all persons that have relevant knowledge, or information reasonably calculated to lead to the discovery of relevant or admissible evidence, concerning Plaintiff's claims and damages and your defenses.

21.    Identify all experts you intend to call at trial of this matter, including the substance of their testimony.

22.    Identify all manuals and policies, in effect on September 29, 2013, that pertains to the creation, maintenance and management of the display described in paragraph 7 of the Complaint.

23.     If you have delegated the creation, maintenance and management of the display described in paragraph 7 of the Complaint to a third-party, identify the name, addresses and phone number of this third-party. Also, identify any agreements or contracts with this third-party.

24.     Identify all tender notices you, your agent, insurance broker, administrator or attorney have sent to a third-party, with whom you contend may be responsible for Plaintiff's injuries and damages.

Respectfully Submitted,

**KIM PARKER, ESQUIRE**
**BAR NO.: 637296**
LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 410-234-2612
E. kp@kimparkerlaw.com

*Counsel to Plaintiff*

6

| | |
|---|---|
| **NATALIE N. SAYLES**<br>   Plaintiff, | IN THE |
| | CIRCUIT COURT |
| vs. | FOR |
| **MACY'S RETAIL HOLDINGS, INC**, *et al* | PRINCE GEORGES COUNTY |
| Defendants, | CIVIL NO.: **CAL16-31904** |

## NOTICE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY that, on this 14TH   day of April,   a copy of the **Plaintiff's Interrogatories, Request for Production of Documents and Notice to Inspect** On Defendant Macy's Retail Holdings, Inc., was served via certified mail return receipt requested on:

Macy's Retail Holdings Inc
 CSC Lawyers Incp Service
7 St Paul Street
Suite 820
Baltimore, Maryland 21202

Pursuant to Maryland Rule 2-401(d)(2), I will retain the original of this discovery material until the case is concluded in this court, the time for noting an appeal has expired and any appeal noted has been decided.

Respectfully Submitted,

LAW OFFICES OF KIM PARKER, P.A.

Kim Parker, Esq.
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 410-234-2612
E: kp@kimparkerlaw.com

IN THE CIRCUIT COURT OF MARYLAND FOR PRINCE GEORGES COUNTY

| | |
|---|---|
| NATALIE SAYLES | * |
| | * |
| **Plaintiff** | * |
| v | * CASE NO.: CAL16-31904 |
| | * |
| MACY'S  RETAIL HOLDINGS, INC. *ET AL* | * |
| | * |
| **Defendant.** | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOUMENTS TO DEFENDANT

TO:      **MACY'S RETAIL HOLDINGS, INC,** Defendant
             c/oCSC Lawyers Incorporation Service
             7 St. Paul Street, Suite 820
             Baltimore, Maryland 21202

FROM:    **NATALIE N. SAYLES,** Plaintiff
             c/o  Kim Parker, Esquire
             LAW OFFICES OF KIM PARKER, P.A.
             2123 Maryland Avenue
             Baltimore, Maryland 21218

       Pursuant to the Maryland Rules of Civil Procedure Rule 2-401, et al,  Natalie N. Sayles, ("Plaintiff"), by her undersigned attorneys, propounds these Request for Production of Documents, to which you  shall respond separately and fully, in writing and under oath, within the time prescribed by the Maryland Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth hereinafter.

## INSTRUCTIONS

1. If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2. Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

A. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in the Maryland Rules of Civil Procedure, including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be

7

protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

B. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in paragraph (2.A), above, please state the reason for withholding the document.

3. When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4. It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Maryland Rules of Civil Procedure will be required as to such material.

5. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Maryland Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with these definitions:

1. Concerning: The term —concerning means relating to, referring to, describing, evidencing, or constituting.

2. Communication: The term —communication means the transmittal of information by any means.

3. Document: The terms —document and —documents are defined to be synonymous in meaning and equal in scope to the usage of the term —document in Maryland Rules of Evidence and include(s) the term —writing. Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of the Md. Rules of Civil Procedure, electronic mail is included within the definition of the term —document. The terms —writings, —recordings, and —photographs are defined to be synonymous in meaning and equal in scope to the usage of those terms in Md. Rules of Evidence. A draft or non-identical copy is a separate document within the meaning of the term —document.

4. Identify (with respect to persons): When referring to a person, to —identify means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

8

5. Identify (with respect to documents): When referring to documents, to —identify means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

6. Occurrence/Transaction: The terms —occurrence and —transaction mean the events described in the Complaint and other pleadings, as the word —pleadings is defined in Md. Rules of Evidence and Md. Rules of Civil Procedure.

7. Parties: The terms —plaintiff and —defendant (including, without limitation, thirdparty plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

8. Person: The term —person is defined as any natural person or any business, legal or governmental entity or association.

9. You/Your: The terms —you or —your include the person(s) to whom these requests are addressed, and all of that person's agents, representatives and attorneys.

10. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. —All means —any and all; —any means —any and all. —Including means —including but not limited to. —And —or encompass both —and and —or. Words in the masculine, feminine or neuter form shall include each of the other genders.

11. The incident refers to the incident described in the Complaint.

12. "Premise" refers TO 4101 Branch Avenue, Temple Hills, Maryland 20748.

**13. Instruction regarding production: Plaintiff request that the Defendant produce an Index and that each responsive document be number bate stamped.**

## INSTRUCTION REGARDING ANY ALLEGED AMBIGUITY AND PRIVILEGE

Significant effort has been spent to define a number of terms used in the following discovery requests to avoid ambiguity. If you claim you do not understand the meaning of a term, please refer to the list of definitions or contact the opposing attorney. **If the Defendant is claiming privilege, Defendant must describe all information withheld in conformance with Maryland Rule 2-402(e)(1).**

## DOCUMENTS TO BE PRODUCED

You are hereby requested to produce the following documents and tangible things as defined under the definitions section of this discovery request at the offices of your attorney for inspection and copying by the opposing attorney within the time prescribed by the Maryland Rules of Civil Procedure.

Produce the following documents requested below which are in the actual or constructive possession, custody, or control of you, your associates, or your attorneys consistent with the aforementioned instructions:

9

1.      Complete copy of all video surveillance footage on the premises on September 29, 2013.

2.      Complete copy of all written records, customer incident reports, incident reports, accident reports, and all other written documentation concerning the incident complain of in Plaintiff's Complaint.

3.      All invoices, surveys, plans, work orders and other documentary evidence establishing the scope of work performed on the CCTV system in place on the defendant's premises on or after September 29, 2013.

4.      All documents relating to the statements of witnesses to the occurrence alleged in the complaint including witnesses who were within sight or hearing of the occurrence or have knowledge from any source as to how it is thought to have occurred.

5.      All documents relating to statements of any of the individual parties herein or officers or managing agents of any corporate parties herein.

6.      All documents relating to the manner of the occurrence, the events giving rise or leading up to it and the cause thereof, other than any statements of witnesses or parties produced in response to any of the preceding requests.

7.      All photographs in your possession of the premise dated September 29, 2013, through October 1, 2013.

8.      All documents relating to the investigation of the occurrence by or on behalf of any party herein other than those produced in response to any of the preceding requests.

9.      All documents relating to the inspection or supervision of activities, if any, on the premise of the occurrence and at the time thereto.

10.     All documents in the nature of any expert reports concerning the incident.

11.     Any and all documents which defendant has received from plaintiff in connection with this matter but prior to the lawsuit being filed.

12.     All expert reports prepared by any individual in connection with the subject matter of this litigation.

13.     All statements of defendant or defendant agents or employees regarding this matter.

14.     All statements by potential witness in this matter.

15.     All non-privileged documents which defendant intends on relying at trial. If the Defendant is claiming privilege, Defendant must describe all information withheld in conformance with Maryland Rule 2-402(e)(1).

16.     All documents responsive to your Answer to Plaintiff's Interrogatories.

17.     All documents upon which any expert witness you intend to call at trial relied to form an opinion.

18.     Any list kept by any expert of that expert's testimony by way of deposition or trial testimony for the last ten (10) years immediately preceding Plaintiff's lawsuit.

19.     Any documents regarding the existence of insurance coverage for the occurrence, any reservation of rights, or any other documents regarding any dimunition or modification of any insurance coverage that may potentially cover any judgment entered as a result of the occurrence. See Maryland Rule 2-402(c).

20.     All recorded statements of any party, including the Plaintiff, Defendants, witnesses, investigators or agents, representatives or employees of the parties concerning the subject matter of this action.

21.     Any documents received pursuant to any subpoena requests.

22.     Produce the entire claims and investigation file or files including but not limited to daily activity sheets, diary sheets, and status sheets of any insurance adjuster and/or risk employee/manager, internal memoranda regarding this claim created, sent and/or received by any insurance adjuster or other adjuster, risk employee/manager and/or by the Defendant(s) or an agent/employee of the Defendant(s), communications to and from all insurance carriers, parties,

11

Defendant(s), or potential parties, request(s) for investigation, and/or reports/findings of investigators, both in-house and/or independent and/or all insurance policies of the Defendant(s),

"excluding references to mental impressions, conclusions, or opinions representing the value or merit of the claim or defense or respecting strategy or tactics and privileged communications from counsel".

23.. Produce a privilege log of all communications, documents or esi you alleged to be privileged. See Maryland Rule 2-402(e)(1).

24. All documents, including, but not limited to, all of your policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets and/or any other written material regarding the safety of business invitees on the premises from September 29, 2013 through the present date.

25. All medical reports, surgical records, consent forms, financial records, bills, invoices, writings, c.d.'s, notes, electronically stored data, or memoranda in your possession, relating in any way to the Plaintiff's physical, or medical condition, illnesses or disability.

26. Copies of any and all documents, records or writings made in the ordinary course of business concerning the subject matter to this action.

27. Produce all logs or daily reports or other reports produced in the ordinary course of business which show the maintenance of the display described in paragraph 7 of the Complaint, for the 30 days before, and the 30 days after the incident September 29, 2013.

28. Produce a copy of your Safety Handbook in effect as of September 29, 2013.

29. Produce performance metrics for the premises from January 1, 2013 through December 31, 2013.

30. Produce the store compliance review for the premises from January 1, 2013 through December 31, 2013.

31. Produce a copy of the Master Servicing Agreement ("MSA"), with Defendant Levi Strauss in effect on September 29, 2013.

12

32.     Mystery shopper reports for the premise from January 2013through December 2013.

33.     Please produce all brochures, pamphlets, codes of conduct, instructions, training information, policies or procedures that you distributed to your employees, officers, directors, agents, servants, representatives, persons, or entities regarding your policies or procedures regarding injuries suffered by patrons on the premises from January 1, 2013 through December 31, 2013.

34.     Documents which constitute or refer to communications between you and any third party (excluding your attorneys), including, your Third Party Administrator ("TPA"), or Insurance Broker, pertaining or referring to the Plaintiff of Plaintiff's Complaint.

35.     Copies of all tenders of defense received or sent to/by a third party, respecting this claim.

36.     All insurance opinion letters, including but not limited, reservations of rights, etc., as it pertains to the September 29, 2013, incident.

37.     Any and all documentary evidence or other tangible evidence which relates, or is reasonably calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims in this action or Defendant's defenses.

Respectfully Submitted,

KIM PARKER, ESQUIRE
LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 410-234-2612
E. kp@kimparkerlaw.com

13

| | |
|---|---|
| **NATALIE N. SAYLES** | IN THE |
| Plaintiff, | |
| | CIRCUIT COURT |
| vs. | |
| | FOR |
| **MACY'S RETAIL HOLDINGS, INC**, *et al* | |
| | PRINCE GEORGES COUNTY |
| Defendants, | |
| | CIVIL NO.: **CAL16-31904** |

### NOTICE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY that, on this 14TH day of April, a copy of the **Plaintiff's Interrogatories, Request for Production of Documents and Notice to Inspect** On Defendant Macy's Retail Holdings, Inc., was served via certified mail return receipt requested on:

Macy's Retail Holdings Inc
CSC Lawyers Incp Service
7 St Paul Street
Suite 820
Baltimore, Maryland 21202

Pursuant to Maryland Rule 2-401(d)(2), I will retain the original of this discovery material until the case is concluded in this court, the time for noting an appeal has expired and any appeal noted has been decided.

Respectfully Submitted,

LAW OFFICES OF KIM PARKER, P.A.

Kim Parker, Esq.
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 410-234-2612
E: kp@kimparkerlaw.com

IN THE CIRCUIT COURT OF MARYLAND FOR PRINCE GEORGES COUNTY

| | | |
|---|---|---|
| NATALIE SAYLES | * | |
| | * | |
| **Plaintiff** | * | |
| v | * | CASE NO.: CAL16-31904 |
| | * | |
| MACY'S  RETAIL HOLDINGS, INC. *ET* | * | |
| *AL* | * | |
| | * | |
| **Defendant.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF REQUEST FOR INSPECTION OF PREMISES
## UNDER CONTROL OF MACY'S RETAIL HOLDINGS, INC.

**TO: MACY'S RETAIL HOLDINGS, INC.**

1.    Pursuant to the Maryland Rules of Civil Procedure 2-422(a), Plaintiff, requests

entry upon the ("premises:") located at 4101 Branch Avenue, Temple Hills, Maryland 20748.

2.    The premises are in the possession, custody, or control of Defendant.

3.    The inspection will include physical investigation, measuring, photographing,

audio and video recording on, in, and near the premises, with concentration on the specific

locations involved in the occurrence involved in this litigation.

4.    Plaintiff intends to have the following people present:

**Kim Parker, Esquire   - Counsel for Plaintiff**
**Natalie Sayles- Plaintiff**
**Candace Turner- Legal Assistant to Kim Parker**
**Destiny Whitaker- Legal Assistant to Kim Parker**
**Plaintiff's Experts – Unidentifed as of this Notice.**

5.    The inspection and investigation will not involve destruction or material alteration

of the premises.

6.        Plaintiff  is willing to enter any reasonable agreement as to perimeters of the inspection and investigation, if the proposal is submitted promptly to us by response to this request. Ordinarily Plaintiff's attorney will not agree to sign forms waiving rights as a condition of entry, because entry is pursuant to a right granted by the rules of civil procedure. For example, ordinarily Plaintiff's attorney will not sign prospective waivers of liability for personal injury caused by wrongful acts of Rite Aid's during the inspection.

7.        Absence of response from Defendant before the inspection date set below will be taken to be mean there are no further details upon which Defendant wishes to secure agreement. Because of the scheduling considerations, please check now if your party and your schedule conflict, and if so, inform us quickly of alternative dates and times.

Plaintiff requests the inspection be conducted at:
Date:**06/26/2017**
Time:**10:30 a.m.**

Kim Parker, Esquire
THE LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
O: 410-234-2621
F: 410-234-2612
E: kp@kimparkerlaw.com

COUNSEL FOR PLAINTIFF

NATALIE N. SAYLES                 IN THE
     Plaintiff,

                                           CIRCUIT COURT
vs.

                                         FOR
MACY'S RETAIL HOLDINGS, INC, *et al*

     Defendants,              PRINCE GEORGES COUNTY

                                         CIVIL NO.: **CAL16-31904**

### NOTICE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY that, on this 14TH day of April, a copy of the **Plaintiff's Interrogatories, Request for Production of Documents and Notice to Inspect** On Defendant Macy's Retail Holdings, Inc., was served via certified mail return receipt requested on:

     Macy's Retail Holdings Inc
     CSC Lawyers Incp Service
     7 St Paul Street
     Suite 820
     Baltimore, Maryland 21202

Pursuant to Maryland Rule 2-401(d)(2), I will retain the original of this discovery material until the case is concluded in this court, the time for noting an appeal has expired and any appeal noted has been decided.

                           Respectfully Submitted,

                           LAW OFFICES OF KIM PARKER, P.A.

                           Kim Parker, Esq.
                           2123 Maryland Avenue
                           Baltimore, Maryland 21218
                           410-234-2621
                           F: 410-234-2612
                           E: kp@kimparkerlaw.com



CORPORATION SERVICE COMPANY

# Notice of Service of Process

CHS / PERINJ
Transmittal Number: 16508203
Date Processed: 04/14/2017

| | |
|---|---|
| Primary Contact: | Cindy Price<br>Macy's, Inc.<br>7 West Seventh St.<br>Cincinnati, OH 45202 |
| Electronic copy provided to: | Tim Billinghurst |
| Entity: | Macy's Retail Holdings, Inc.<br>Entity ID Number  2429296 |
| Entity Served: | Macy's Retail Holdings, Inc. |
| Title of Action: | Natalie N. Sayles vs. Macy's Retail Holdings, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Prince George's County Circuit Court, Maryland |
| Case/Reference No: | CAL16-31904 |
| Jurisdiction Served: | Maryland |
| Date Served on CSC: | 04/14/2017 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Kim Parker<br>410-234-2621 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com



7114 7344 2820 2793 4365

**CERTIFIED MAIL**

The Law Offices of Kim Parker, P.A.
Kim D Parker, Esquire
2123 Maryland Avenue
Baltimore, MD 21218
kp@kimparkerlaw.com



00011181735000011
Macy's Retail Holdings Inc
CSC Lawyers Incp Service
7 St Paul Street
Suite 820
Baltimore, MD 21202

1181735-1

NATALIE N. SAYLES
    Plaintiff,

vs.

MACY'S RETAIL HOLDINGS, INC, *et al*

    Defendants,

IN THE

CIRCUIT COURT

FOR

PRINCE GEORGES COUNTY

CIVIL NO.:  CAL16-31904

## AFFIDAVIT OF SERVICE
## MACYS RETAIL HOLDINGS, INC.

I, Kim Parker, attorney for Plaintiff under penalty of perjury certify as follows:

1.    I am over the age of 18 years and the information contained herein is based upon my personal knowledge.

2.    That on April 14, 2017 the Complaint, Writ of Summons, Plaintiff Interrogatories, Plaintiff's Request for Production of Documents and Notice to Inspect was served in the above referenced matter by certified mail restricted delivery to:

**Macy's Retail Holdings Inc**
**CSC Lawyers Incp Service**
**7 St Paul Street**
**Suite 820**
**Baltimore, Maryland 21202**

Respectfully Submitted,

LAW OFFICES OF KIM PARKER, P.A.

Kim Parker, Esq.
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 410-234-2612
E: kp@kimparkerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April 2017, a copy of the foregoing Affidavit of

Service was mailed first class mail, postage prepaid to:

Levi Strauss and Company
Attention: Risk Management
1155 Battery Street
San Francisco, California 94111

Macys Retail Holdings, LLC
Attention: Risk Management
7 Wester Seventh Street
Cincinnati, Ohio 45202

Kim Parker

The Law Office of Kim Parker, P.A.
2123 Maryland Avenue
Baltimore, MD 21218



Macy's Retail Holdings Inc.
c/o CSC Lawyers Incorporated Service
7 St. Paul Street, Suite 820
Baltimore, Maryland 21202

212023i681 CO3i

| | |
|---|---|
| **NATALIE N. SAYLES**<br>        Plaintiff,<br><br>vs.<br><br>**MACY'S RETAIL HOLDINGS, INC,** *et al*<br><br>        Defendants, | IN THE<br><br>CIRCUIT COURT<br><br>FOR<br><br>PRINCE GEORGES COUNTY<br><br>CIVIL NO.:  **CAL16-31904** |

**AFFIDAVIT OF SERVICE**
**LEVI STRAUSS & CO.**

I, Kim Parker, attorney for Plaintiff under penalty of perjury certify as follows:

1.        I am over the age of 18 years and the information contained herein is based upon my personal knowledge.

2.        That on April 14, 2017 the Complaint and Writ of Summons was served in the above referenced matter by certified mail restricted delivery to:

**Levi Strauss &Co. CSC Lawyers Incp Service**
**7 St Paul Street**
**Suite 820**
**Baltimore, Maryland 21202**

Respectfully Submitted,

LAW OFFICES OF KIM PARKER, P.A.

Kim Parker, Esq.
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 410-234-2612
E: kp@kimparkerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April 2017, a copy of the foregoing Affidavit of

Service was mailed first class mail, postage prepaid to:

Levi Strauss and Company
Attention: Risk Management
1155 Battery Street
San Francisco, California 94111

Macys Retail Holdings, LLC
Attention: Risk Management
7 Wester Seventh Street
Cincinnati, Ohio 45202

_____
Kim Parker

NATALIE N. SAYLES
    Plaintiff,

vs.

MACY'S RETAIL HOLDINGS, INC, *et al*

    Defendants,

IN THE

CIRCUIT COURT

FOR

PRINCE GEORGES COUNTY

CIVIL NO.: **CAL16-31904**

**Received Date: 4/28/2017**

## MOTION TO DEFER DISMISSAL

NOW COMES, Natalie Sayles, ("Plaintiff"), by her undersigned counsel, and moves this Honorable Court to defer dismissal pursuant to Maryland Rule 2-507, and for reasons state:

1.    Plaintiff filed the instant Complaint on September 12, 2016.

2.    Plaintiff served all Defendants' on April 14, 2017, as indicated in the attached Affidavit of Service, filed contemporaneously.

3.    Plaintiff would suffer severe prejudice if the Court dismisses her Complaint.

WHEREFORE, Plaintiff respectfully prays that this Court defer dismissal.

Respectfully Submitted,

Kim Parker, Esquire
The Law Offices of Kim Parker, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218

04/28/2017

Office: 410-234-2621
Fax: 410-234-2612
Email: kp@kimparkerlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April 2017, a copy of the Motion

to Defer Dismissal was mailed first class mail, postage prepaid to:

Levi Strauss and Company
Attention: Risk Management
1155 Battery Street
San Francisco, California 94111

Macys Retail Holdings, LLC
Attention: Risk Management
7 Wester Seventh Street
Cincinnati, Ohio 45202

Kim Parker, Esquire

Received Date: 4/28/2017

Received Date: 4/28/2017

| | |
|---|---|
| **NATALIE N. SAYLES**<br>    Plaintiff, | IN THE |
| | CIRCUIT COURT |
| vs. | FOR |
| **MACY'S RETAIL HOLDINGS, INC,** *et al* | PRINCE GEORGES COUNTY |
| Defendants, | |
| | CIVIL NO.: **CAL16-31904** |

ORDER

Upon consideration of Plaintiff's Motion to Defer Dismissal, it appearing that

good cause having been stated, it is hereby this _____ day of _____, 2017,

Ordered, that the Motion is GRANTED, and dismissal is deferred.

_____
JUDGE
Circuit Court for Prince Georges County

# IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

NATALIE N. SAYLES       :

         Plaintiff(s)       :

vs.                       :       Case No.: CAL16-31904

MACY'S RETAIL HOLDINGS, INC.   :
et.al.

         Defendant(s)      :

## MEMORANDUM AND ORDER OF COURT

    The clerk issued a Notification to Parties of Contemplated Dismissal on March 28, 2017.

Plaintiff has notified the Court that they have secured service. The Court will defer the dismissal

and set the matter in for a Status Hearing and any pending motions. If an Answer is filed, Plaintiff

may write Judge Green to remove this matter from the docket for the hearing date.

    **THEREFORE**, it is this 28th day of April, 2017 by the Circuit Court for Prince George's

County, Maryland

    **ORDERED**, that a **STATUS HEARING** will take place on June 30, 2017 before Judge

Green; and it is further

    **ORDERED** that Plaintiff's Motion to Defer is hereby **GRANTED** and the Dismissal is

**DEFERRED** until June 30, 2017.

                                       Leo E. Green, Jr.

                                       Civil Coordinating Judge

ENTERED     5/4/17

Copies mailed by the Court to:

Kim Parker, Esq.
2123 Maryland Avenue
Baltimore, Maryland 21218

Jasmine C. Boyd, Paralegal

5/2/17
_____
Date

Circuit Court for Prince George's County
Office of Calendar Management
Civil Division
Upper Marlboro, Maryland 20772
301-952-2976

Date: May 3, 2017

# FILED

To:  Clerk of the Circuit Court

JUDGE Leo E. Green

MAY  4  2017

CLERK OF THE CIRCUIT COURT
FOR PRINCE GEORGE'S COUNTY, MD.

Case ID: CAL16-31904
Case Desc: Sayles vs Macys Retail Holdings Inc
Track: 9

Notice of Hearing

The above-entitled case has been scheduled for future court activity as indicated below:

| Scheduled Date | Event | Time |
| --- | --- | --- |

JUNE-30-2017 Status Hearing - 09:00 AM

Please mark your calendar accordingly.

**\* Please bring this form with you to court \***
    Possession and use of cell phones, computers, cameras and other electronic devices may
be limited or prohibited in designated areas of the courthouse. The use of any camera, cell phone,
or any electronic device for taking, recording, or transmitting photographs, videos, or other
visual images is prohibited in the courthouse at all times, unless the court expressly grants
permission in a specific instance.

Notified:
Kim Parker ESQUIRE
2123 Maryland Avenue
Baltimore MD 21218

13²

CAL16-31904

# IN THE CIRCUIT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

NATALIE SAYLES,              \*

          Plaintiff,           \*

          v.                 \*       Case No.:  CAL16-31904

MACY'S RETAIL HOLDINGS, INC.,   \*
*et al.*,                        \*

          Defendants.         \*

## ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

Defendants Macy's Retail Holdings, Inc. and Levi Strauss & Co., by and through

undersigned counsel and pursuant to the Rules and Orders of this Honorable Court, hereby

respectfully submits the following Answer to Plaintiff's Complaint.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted to Plaintiff.

### SECOND DEFENSE

Defendants generally deny the allegations set forth in the Complaint pursuant to

Maryland Rule 2-323(d).

### THIRD DEFENSE

Defendants aver that Plaintiff's claims are or may be barred by the applicable Statute of

Limitations.

### FOURTH DEFENSE

Defendants aver that Plaintiff's claims are or may be barred by the doctrine of failure to

mitigate damages.

### FIFTH DEFENSE

Defendants aver that the injuries, losses, and damages, if any, suffered by Plaintiff are the result of her sole or contributory negligence.

### SIXTH DEFENSE

Defendants deny all allegations not specifically admitted herein and denies that Plaintiff is entitled to the relief requested.

### SEVENTH DEFENSE

Defendants reserve the right to supplement or amend this Answer as new or additional information becomes available via investigation or discovery.

WHEREFORE, having fully Answered Plaintiff's Complaint, Defendants Macy's Retail Holdings, Inc. and Levi Strauss & Co. respectfully request that Plaintiff's Complaint be dismissed, with prejudice, and for such additional relief as this Court may deem necessary and appropriate.

Respectfully submitted,

JORDAN COYNE LLP

By: _____
Padraic K. Keane          Bar #KE3200
10509 Judicial Dr., Suite 200
Fairfax, VA  22030-5118
Phone:  (703) 246-0900
Fax:  (703) 591-3673
E-mail:  p.keane@jocs-law.com

*Counsel for Defendants*

2

## RULE 1-313 CERTIFICATION

I hereby certify that I am authorized to practice law in the State of Maryland.

Padraic K. Keane

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Answer was mailed, first class and postage prepaid, this _____ 11th _____ day of May, 2017 to:

Kim Parker, Esquire
LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, MD 21218
*Counsel for Plaintiff*

Padraic K. Keane

3

## IN THE MARYLAND CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

NATALIE N. SAYLES,                    )
                               )
    Plaintiff,                        )
                               )
v.                                    )     Case No. CAL16-31904
                               )
MACY'S RETAIL HOLDINGS, INC.,         )
    *Et Al.,*                         )
                               )
    Defendants.                       )

### NOTICE OF FILING OF NOTICE OF REMOVAL

    Defendants Macy's Retail Holdings, Inc. and Levi Strauss & Co., by and through

undersigned counsel and pursuant to 28 U.S.C. § 1446(d), hereby respectfully notify this Court

that Defendants have removed this action to the United States District Court for the District of

Maryland. Defendants' Notice of Removal is attached as Exhibit A.

    Pursuant to 28 U.S.C. § 1446(d), the filing of this Notice of Removal in the United States

District Court for the District of Maryland, together with the filing of the copy of the Notice of

Removal in this Court has attached to this Notice, effects the removal of the above-styled action.

                  Respectfully submitted,

                  JORDAN COYNE LLP

By: _____
        Padraic K. Keane     Bar #KE3200
        10509 Judicial Dr., Suite 200
        Fairfax, VA 22030-5118
        Phone: (703) 246-0900
        Fax: (703) 591-3673
        E-mail: p.keane@jocs-law.com

        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Notice of Filing of Notice of

Removal was mailed, first class and postage prepaid, this _____ day of May, 2017 to:

> Kim Parker, Esquire
> LAW OFFICES OF KIM PARKER, P.A.
> 2123 Maryland Avenue
> Baltimore, MD 21218
> *Counsel for Plaintiff*

Padraic K. Keane

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATALIE N. SAYLES,                          )
                                            )
     Plaintiff,                             )
                                            )
v.                                          )        Civil Case No._____
                                            )
MACY'S RETAIL HOLDINGS, INC.,               )
    *et al.*,                               )
                                            )
    Defendants.                          )

## DEFENDANTS' NOTICE OF REMOVAL

    Defendants Macy's Retail Holdings, Inc. and Levi Strauss & Co., by and through

undersigned counsel, hereby respectfully remove the above-captioned action to the United States

District Court for the District of Maryland, pursuant to 28 U.S.C. § 1441(a).  The basis for

federal subject-matter jurisdiction is 28 U.S.C. § 1332 (diversity of citizenship).  In support,

Defendants state as follows:

    1.    Plaintiff Natalie N. Sayles filed a Complaint in the Maryland Circuit Court for

Prince George's County on or about September 12, 2016, styled *Natalie N. Sayles v. Macy's*

*Retail Holdings, Inc.*, et al., Case No. CAL16-31904.  Defendants was served on or about April

14, 2017.

    2.    Pursuant to 28 U.S.C. § 1446(a), Defendants attach as Exhibit A copies of the

summons issued by the Maryland Circuit Court for Prince George's County as well as a copy of

the Complaint.  Exhibit A constitutes all process and pleadings which Plaintiff has served on

Defendants in the state action.

    3.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332,

because the matter in controversy exceeds $75,000.00, and because there is complete diversity of

citizenship. Plaintiff is a Maryland resident, while Defendant is an Ohio corporation. Co-Defendant Levi Strauss & Co. is a California corporation.

4.     Accordingly, removal is proper pursuant to 28 U.S.C.§ 1441.

5.     Defendant has provided written notice of this filing to the parties and to the Clerk of the Circuit Court of Prince George's County, Maryland as required by 28 U.S.C. § 1446(b). *See* Notice of Filing of Removal (attached hereto as Exhibit B).

6.     All defendants affirmatively consent to removal.

WHEREFORE, Defendants Macy's Retail Holdings, Inc. and Levi Strauss & Co. respectfully remove the above-captioned matter from the Maryland Circuit Court for Prince George's County to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

                                 Respectfully submitted,

                                 JORDAN COYNE LLP


By:_____
                                 Padraic K. Keane #17179
                                 10509 Judicial Drive
                                 Suite 200
                                 Fairfax, VA  22030-5118
                                 Phone:  (703) 246-0900
                                 Fax:  (703) 591-3673
                                 E-mail:  p.keane@jocs-law.com

                                 *Counsel for Defendants*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Notice of Removal was mailed, first class and postage prepaid, this ___11th___ day of May, 2017 to:

> Kim Parker, Esquire
> LAW OFFICES OF KIM PARKER, P.A.
> 2123 Maryland Avenue
> Baltimore, MD 21218
> *Counsel for Plaintiff*

Padraic K. Keane

3