**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| **NATALIE N. SAYLES**<br>    Plaintiff,<br><br>vs.<br><br>**MACY'S RETAIL HOLDINGS, INC,** *et al*<br><br>    Defendants, | CIVIL CASE NO.:<br>**8:17-cv-01314-PX** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STAY
RESPONSE TO DEFENDANT'S LEVI STRAUSS & CO.' MOTION FOR SUMMARY
JUDGMENT AND MOTION FOR DISCOVERY PURSUANT TO RULE 56(D)**

The Defendant has filed a Motion for Summary Judgment. There has been absolutely no discovery to date. Defendant has exclusive control of the records and over its agents; discovery is Plaintiff's only means to obtain this key, material evidence for Plaintiff to establish the prima facie case of negligence. As a result, Plaintiff respectfully asks the Court to dismiss Defendant's summary judgment motion and to allow Plaintiff to proceed with discovery.

## I.     FACTUAL ALLEGATIONS

On September 29, 2013, Plaintiff accompanied by her minor daughter, were shopping on the premises of the Defendants'. Plaintiff headed to the Men's Department (the "Department"), to purchase a pair of jeans off of the Levis display table. Without notice, and without Plaintiff touching it, the acrylic display signs (about 30 pounds), fell off the display table onto the Plaintiff's foot, causing immediate swelling and bleeding.

Defendants' employees assisted Plaintiff, called an unknown Manager and directed him to pick up and remove the sign. A Prince George's County Ambulance ("EMT"), arrive shortly thereafter and transported the Plaintiff to the District of Columbia Veterans Hospital (the "VA").

As a result of the negligent way the display was positioned, Plaintiff was caused to suffer serious injuries to her body. Plaintiff was not contributory negligent. Defendants' had a duty to maintain the premises; including the displays in a reasonably safe condition and to see that these areas were free from items that could present a hazard to the business invitee. Defendants' was responsible for insuring that its property was safe for all customers entering upon its premises.

Plaintiff had no way of knowing that the display sign was unstable and ready to fall, neither was she warned of the possibility. Defendants' breached this duty of care by failing to maintain its tables and displays to prevent injury to consumers. Defendants' had a further duty to areas open to its business invitees, to discover the presence of any condition that would present a hazard, to block off the area of said hazards, post notices of said hazards, and to remove said hazards from the premises.

## II.   STANDARD OF REVIEW

Summary judgment is ordinarily inappropriate "where the parties have not had a opportunity for reasonable discovery." *E.I. de Nemours and Co. v. Kolon Industries, Inc*., 637 F.3d 435, 448 (4th Cir. 2011).

Generally, to raise adequately the issue that discovery is needed, the party opposing the motion must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); see *Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)). A summary judgment motion before any discovery is generally held to be premature. *Greater Baltimore Center for Pregnancy Concerns v. Mayor and City Council of Baltimore*, Nos. 11-1111, 11-1185, 2013 U.S. App. LEXIS 13607, at *34, 2013 WL 33368984 at *9 (4thCir. July 3, 2013) (reversing trial court's grant of summary

judgment and denial of non-moving party's request for discovery, stating that "summary judgment is appropriate only after 'adequate time for discovery'") (citations omitted). The Fourth Circuit has also stated, when reversing a trial court's grant of summary judgment before discovery: "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Harrods Ltd. v. Sixty Internet Domain* Names, 302 F.3d 214, 244-245 (4th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 n.5 (1986)).

### III.   ARGUMENT

#### a) Plaintiff is entitled to Discovery

The Defendant has argued in its Motion that they did not own or have any possessory interest in the Macy's store in Marlow Heights, Maryland.  Plaintiff Complaint does not allege that the Defendant had any possession of the premises, but that Defendant had a possessory interest in the display or display sign regarding the Levi's product. Interestingly, the Defendant is relying solely on Affidavits to support its contentions that it was not responsible for the sign, which caused Plaintiff's injuries. Plaintiff is entitled to test, through discovery, the averments made in the Affidavits. The Fourth Circuit in *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs*., Inc., 334 F.3d 390, 396 (4th Cir. 2003) stated "that absent an evidentiary hearing, the district court "must take all disputed facts and reasonable inferences in favor of the plaintiff".

In at least one case Plaintiff was able to locate, Defendant  provided shelfing units to a local Department Store, like Defendant Macy's which allegedly caused injuries to a patron; where the Department Store subsequently brought a third-party complaint for negligence and indemnification against the Defendant. Plaintiff is entitled to test what responsibilities the Defendant undertook with respect to its relationship with Defendant's Macy's, pertaining to the

signage.  See **<u>Exhibit A</u>**

Moreover, in Macy's vendor Master Agreement ("MSA"), it provides that:

4. Vendor represents, warrants and agrees that:
(a) Each item of Merchandise will (i) be in compliance with all Macy's procedures and policies, as then posted on macysnet.com, including that it shall be merchantable, fit and safe for its intended and reasonably foreseeable use and will be free from defects in design, workmanship or materials, including but not limited to such defects as may create a risk of injury to person or property or economic loss; (ii) conform to all specifications or descriptions set forth in this Contract, all attachments hereto and/or any Merchandise samples accepted by Macy's; (iii) conform to applicable industry standards; (iv) comply with all applicable federal, state and local laws, rules, regulations, codes, directives, ordinances, guides, standards and testing requirements thereunder (including, without limitation, Federal Trade Commission Act, Wool Products Labeling Act, Textile Fiber Products Identification Act, Fur Products Labeling Act, Care Labeling Rule, Consumer Product Safety Act, Consumer Product Safety Improvement Act of 2008, Federal Hazardous Substances Act, Toy Safety Act, Flammable Fabrics Act, Fair Packaging and Labeling Act, Food, Drug, and Cosmetic Act, Endangered Species Act and Convention on the International Transport of Endangered Species, Federal Communications Act, the International Standards for Phytosanitary Measures Guidelines for Regulating Wood Packaging Material in International Trade, the Tariff Act of 1930, as amended, all U.S. Customs laws and all other laws

11. (a) Vendor shall indemnify and hold Macy's and all affiliates thereof (for purposes of this paragraph, all included within each reference to "Macy's") harmless against any and all loss, liability, expenses, costs (including reasonable attorney's fees), judgments or damages, arising, directly or indirectly, from any claim, action or suit, actual or threatened, whether groundless or otherwise, of whatever nature, including but not limited to infringement of any patent, trademark or copyright, claim of unfair competition, claim of defect or that the Merchandise is not of merchantable quality or fit for the purpose intended, claim of breach of express or implied warranty, claim for injury or loss by any eventual purchaser or any other person alleged to result from any defect in the Merchandise, or from breach of any term, condition, covenant, warranty, representation or provision of this Contract, including without limitation, Vendor's representations, warranties and guarantees. (b) In the event any such claim, action or suit is made or instituted against Macy's, Vendor shall, at Macy's request: (i) defend Macy's at Vendor's sole expense, employing counsel approved by Macy's; (ii) consult with Macy's and keep Macy's fully advised of the progress of all proceedings; (iii) make no admissions or otherwise act in a manner that may be prejudicial to Macy's rights; and (iv) not settle (or discuss settlement), or consent to any judgment, contract or decree, without Macy's prior written approval. In the event that Vendor shall fail to undertake such defense within a reasonable time after receiving notice of such claim, action or suit, Macy's may undertake its own defense without affecting in any manner its rights to indemnity under this Contract. Vendor's obligations under this paragraph 11 shall apply notwithstanding refusal by Macy's to turn over control of the litigation and/or any additional contract by Vendor to bear all expense and to satisfy any adverse judgment with respect to any such claim, action or suit instituted against Macy's.

**See Plaintiff's <u>Exhibit B</u>**

Plaintiff certainly has the right to discover what responsibilities the Defendant undertook regarding the signage and what indemnity obligation the Defendant had with regard to the display at issue in this case. Without discovery, Plaintiff would not be able to meet her burden.

*In Harrods*, the Fourth Circuit stated that that RULE 56(d) should be "liberally applied." Id. at 245 n. 18; accord *Greater Baltimore Center for Pregnancy Concerns*, *supra*, Westlaw at *10, Lexis at *35.

The Defendants' are in possession of all documents which may assist Plaintiff in meeting her burden in this case and Plaintiff should therefore be permitted to conduct discovery. Interestingly, the Defendant did not include any documentary evidence to demonstrate the agreements between the Defendants' nor what responsibly it disclaimed with Defendant Macys. It is axiomatic that where a defendant controls access to the necessary information, RULE 56(d) motions and affidavits are especially appropriate. Affidavits that accompany RULE 56(d) motions do not require [h]erculean efforts because their purpose is simply to ensure said motions are filed in good faith. As summarized in <u>Harrods</u>: "When the nonmoving party, through no fault of its own, has had little or no opportunity to conduct discovery, and when fact-intensive issues, such as intent, are involved, courts have not always insisted on a RULE 56(d) affidavit if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary." Id. (citations omitted).

In Re: <u>Upshaw v. Tenenbau</u>m, No. PWG-12-3130, 2013 U.S. Dist. LEXIS 107024, *21-*25 (D. Md. July 31, 2013), this Court denied Defendant's Motion for Summary Judgment and allowed discovery to proceed (citing *Greater Baltimore Center for Pregnancy Concerns*, *supra* and other caselaw). The Court noted summary judgment generally was inappropriate without discovery under long-established Fourth Circuit precedent, and held that the plaintiff had the right to depose defendant's agents to uncover direct evidence. The Court noted that at the litigation's start, the plaintiff had not established a prima facie case, but that after discovery, the plaintiff might. Id. at *25

Plaintiff also relies on the reasons stated in the attached affidavit of undersigned counsel.

## IV. CONCLUSION

For the reasons stated above, Defendant's summary judgment motion must be denied and Plaintiff's Rule 56(d) Motion should be granted. Plaintiff is entitled to discovery to prove her well-pled claims of negligence.

Respectfully Submitted,

LAW OFFICES OF KIM PARKER, P.A.

/s/ Kim Parker /s/
_____
Kim Parker, Esq.
Federal Bar No.: 23894
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 410-234-2612
E: kp@kimparkerlaw.com

COUNSEL FOR PLAINTIFF

## REQUEST FOR A HEARING

Plaintiff request for a hearing on her Motion.

/s/ Kim Parker /s/
_____
Kim Parker, Esq.