**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| **NATALIE N. SAYLES**<br>        Plaintiff,<br><br>vs.<br><br>**MACY'S RETAIL HOLDINGS, INC,** *et al*<br><br>        Defendants, | <u>CIVIL CASE NO.:</u><br>**8:17-cv-01314-PX** |

### <u>DECLARATION OF KIM PARKER, ESQUIRE</u>

Additional Discovery is required in order to respond to the issues raised in the Motion for Summary Judgment. The Plaintiff has a legitimate need for further discovery. The Plaintiff is unable to mount a defense without discovery. The belief that specific facts exist to prove his case and that those facts can be collected through discovery, and that those facts will influence the decision on the motion for summary judgment.

1.    The formal written complaints filed by the Plaintiff will be revealed in Discovery with testimony as to the nature of the complaints and what investigations were conducted.

2.    What obligations Defendant undertook with respect to their products with Defendant Macys.

3.    What indemnity obligations Defendant undertook with respect to the signage alleged to have caused the Plaintiff's injuries.

4.    What policy and procedures did the Defendant have to prevent injuries to patrons.

5.    What other lawsuit and complaints have been filed against the Defendant for similar conduct.

6.    What investigation did the Defendant conduct with respect to Plaintiff's claims.

7. Defendant is also relying on affidavits testimony. Plaintiff should have the opportunity to test the truth of the averments made in the affidavits. Plaintiff should have the opportunity to depose the Corporate Designee so that the credibility (or lack thereof) is property considered.

8. Discovery is also needed to prove damages.

9. The deposition of the defendants will reveal additional information germane to the factual material and facts needed to compile additional affidavits.

                                                                                        /s/
                                                            Kim Parker, Esquire
                                                            Counsel to Plaintiff