IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATALIE N. SAYLES,

    Plaintiff,

    v.                                    Civil Action No. PX-17-1314

LEVI STRAUSS & CO,
*et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant Levi Strauss Co.'s motion for summary judgment, ECF Nos. 22 & 23, and Plaintiff Natalie N. Sayles' opposition and motion for discovery under Federal Rule of Civil Procedure 56(d), ECF No. 24. The issues are fully briefed, and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, Plaintiff's motion for discovery, ECF No. 24, is DENIED and Levi Strauss's motion for summary judgment, ECF Nos. 22 & 23, is GRANTED.

    **I.    BACKGROUND**

On September 29, 2013, Plaintiff Natalie N. Sayles ("Sayles") was shopping in the Men's Department at the Marlow Heights store of Defendant Macy's Retail Holdings, Inc. ("Macy's"), located at 4101 Branch Avenue, Temple Hills, Maryland. ECF No. 2 at ¶ 19. As Sayles headed toward a display table holding the sales items of Defendant Levi Strauss & Co ("Levi Strauss"), an acrylic display sign weighing approximately thirty pounds fell off the display table and onto Sayles' foot. *Id.* at ¶ 7. Sayles was transported to the District of Columbia Veteran's Hospital

1

for treatment. *Id.* at ¶ 9. Sayles avers that she suffered serious and potentially permanent injuries to her left foot and leg from this incident. *Id.* at ¶ 31.

On May 12, 2017, Sayles filed suit against Defendants Levi Strauss & Co. and Macy's Retail Holdings, Inc. alleging that Defendants negligently or recklessly maintained the premises, injuring Sayles' as a result. On December 22, 2017, Levi Strauss moved for summary judgment, asserting that it did not maintain control over the allegedly defective display, and thus, could not be held liable for Sayles' injuries. ECF Nos. 22 & 23. Defendant Macy's filed an affidavit supporting Levis Strauss' motion. ECF No. 23-3. The same day, Sayles opposed the motion and, pursuant to Federal Rule of Civil Procedure 56(d), asserted that additional discovery was necessary before Levi Strauss' motion could be adjudicated. ECF Nos. 24 & 24-1.

## II. Standard of Review

Summary judgment may be entered only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.' " *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir.2003) (quoting former Fed. R. Civ. P. 56(e)). "A mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F. 3d 307, 314 (4th Cir. 2003).

### III. Analysis

Sayles' sole theory of liability is that Defendants' breached the duty of care to her as a business invitee through the reckless or negligent maintenance of "the premises," thereby causing her injury. *See generally* ECF No. 2. Levi Strauss argues, as well as submits evidence in support, that the offending display was "not maintained in any fashion by Levi's," and that Macy's was solely "responsible for maintaining its premises, including the area of th[e] display sign." ECF Nos. 23-2 & 23-3. Accordingly, Levi Strauss contends that no genuine disputed fact exists as to its liability because Levi Strauss owed no duty of care to Sayles. *Id.*; *see generally* ECF Nos. 23 & 25.

In opposition, Sayles asserts that under Federal Rule of Civil Procedure 56(d), she is entitled to further discovery on Levi Strauss' liability. Rule 56(d) permits the Court to deny summary judgment or delay ruling until discovery has occurred if the "non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Ordinarily, summary judgment is inappropriate when "the parties have not had an opportunity for reasonable discovery." *E .I. du Pont de Nemours & Co. v. Kolon Indus., Inc*., 637 F.3d 435, 448 (4th Cir. 2011). However, requests under Rule 56(d) "cannot simply demand discovery for the sake of discovery," *Hamilton v. Mayor & City Council of Balt*., 807 F. Supp. 2d 331, 342 (D. Md. 2011), and the request may be denied if "the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 195 (4th Cir. 2006) (internal quotation marks omitted); *see also Poindexter v. Mercedes–Benz Credit Corp.*, No. 14-1858, 2015 WL 4081208, at *3 (4th Cir. July 7, 2015) (upholding district court's summary judgment ruling despite the plaintiff's Rule 56(d) request

because she "has not explained ... how the information [sought in discovery] could possibly create a genuine issue of material fact sufficient for her to survive summary judgment, or otherwise affect the court's analysis").

In short, Sayles simply asks that she be granted "discovery for the sake of discovery." *Hamilton*, 807 F. Supp. 2d at 342. Sayles asserts that she needs to depose a Levi Strauss corporate representative to "test the truth of the averments made in the affidavits . . . so that the credibility (or lack thereof) is property [sic] considered." ECF No. 24-2 at ¶ 7. But Sayles does not give any "specific reason" for discovery on this point, which is particularly necessary where, as here, defendant Macy's agrees that it bears sole responsibility for maintaining the premises. *See* ECF Nos. 23-2 & 23-3; *accord Mercer v. Arc of Prince George's Cnty.*, 532 F. App'x 392, 400 (4th Cir. 2013) (affirming grant of summary judgment because plaintiff's "minimal effort [to detail why discovery was necessary] is insufficient to compel denial of the [defendant's] summary judgment motion"); *Sampson v. United States*, No. DKC-15-0243, 2015 WL 5008780, at *4 (D. Md. Aug. 20, 2015); *Fierce v. Burwell*, No. RWT-13-3549, 2015 WL 1505651, at *8 (D. Md. Mar. 31, 2015).

Sayles also contends that discovery is necessary to "test what responsibilities [Levi Strauss] undertook with respect to its relationship with Defendant[] Macy's" and Levi Strauss' respective "indemnity obligations" to Macy's. *See* ECF No. 24-2. Sayles, however, has brought solely negligence claims. Any discovery based on speculation that *Macy's* could perhaps seek contribution or indemnification from Levi Strauss is not relevant to Sayles' negligence action. *See* ECF Nos. 23-3 & 25 at 3–5. This distinction is critical because Rule 56(d) does not authorize "fishing expeditions" on matters not relevant to Plaintiff's claims. *See Sampson*, 2015

WL 5008780, at *4 (quoting *Morrow v. Farrell*, 187 F. Supp. 2d 548, 551 (D.Md.2002), *aff'd*, 50 F. App'x 179 (4th Cir. 2002)). Plaintiff's request for discovery under Rule 56(d) must be denied.

Further, it is undisputed that Levi Strauss had no duty to maintain the premises where Sayles was injured. Plaintiff cannot sustain her negligence claim against Levi Strauss, and summary judgment in Levi Strauss' favor must be granted. Accordingly, it is this 11th day of May, 2018, ORDERED by the United States District Court for the District of Maryland:

1. Plaintiff's motion for discovery under Federal Rule of Civil Procedure 56(d) is DENIED;

2. Defendant LEVI STRAUSS & CO's motion for summary judgment, ECF Nos. 22 & 23, is GRANTED; and

3. The Clerk shall circulate this Memorandum Opinion and Order to the parties.


 3/11/2018                                                          /s/
Date                                                           Paula Xinis
                                                               United States District Judge